No. 19,783. .

W. E. · TANNER, *Appellant,* v. THE CHEROKEE & PITTSBURG
COAL & MINING COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

COAL MINING—*Inspection—No Actionable Negligence Proven.* A de-
murrer to the plaintiff's evidence was properly sustained on the ground
that the specific negligence charged was not proved, and on the further
ground that no actionable negligence on the part of the defendant was
established.

Appeal from Crawford district court; ANDREW J. CURRAN,
judge. Opinion filed January 8, 1916. Affirmed.

*Lewis H. Phillips,* of Pittsburg, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Har-
low Hurley,* all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal
injuries sustained through the neglect of the defendant to
inspect and make secure the traveling ways of its coal mine.
A demurrer was sustained to the plaintiff's evidence and he
appeals.

The proof was that the plaintiff, who was an air man, was
injured in a hauling crosscut which had been closed some
months before the accident. The crosscut was no longer used
and could not be used as a traveling way. The only occasion
any one had to use it after the manner of a traveling way was
to step into it twice a month to inspect the stopping, and the
place was perfectly safe for that purpose. As will shortly
appear, when the plaintiff was injured the place was no more a
traveling way or in use as a traveling way than a miner's
room would have been. Consequently the negligence charged
was not established.

The stopping was not air-tight, and the plaintiff was directed
to make it so. To do this it was necessary to build a wall on
one side of the defective stopping and fill the space between
the wall and the defective stopping with fine dirt. Dirt for the
purpose was taken from the bottom of the crosscut. In doing.

this the plaintiff dug a hole about two feet deep, which loosened a rock which fell and injured him. The plaintiff and his principal witness, his brother, who was assisting him when the accident occurred, testified that digging in the bottom of the crosscut loosened the rock and caused it to fall. The plaintiff further testified that digging in the ground there was bound to be dangerous, that he was "leery" all the time, and that the more he dug the more dangerous he made the place. The case, therefore, is one in which the plaintiff, with knowledge of the conditions, made the place unsafe by the very repair work he was doing. The duty of the employer to provide a reasonably safe place to work does not extend to such situations.

The defendant had elected not to be governed by the workmen's compensation act, and the plaintiff argues that the defenses of contributory negligence and assumption of risk were not available. The defendant does not seek to avail itself of those defenses. The defense is want of actionable negligence. Want of actionable negligence appeared from the plaintiff's proof, and the demurrer to the evidence was properly sustained.

The judgment of the district court is affirmed.